UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

ISAAC G. HERES
and other similarly-situated individuals,

    Plaintiff (s),

v.

HOLLYWOOD STYLE INC,
ALBERT SETTON and
SAMUEL ANIDJAR, individually.

    Defendants,
_____ /

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ISAAC G. HERES, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants HOLLYWOOD STYLE INC, ALBERT SETTON, and SAMUEL ANIDJAR, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ISAAC G. HERES is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant HOLLYWOOD STYLE INC (hereinafter HOLLYWOOD STYLE) is Florida a corporation having place of business in Hollywood Beach, Broward County, Florida,

where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendants ALBERT SETTON, and SAMUEL ANIDJAR were and are now, owners and managers of HOLLYWOOD STYLE. Defendants had control, directed operations of the corporation and they are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Broward-County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ISAAC G. HERES to recover from Defendants half time overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant HOLLYWOOD STYLE is a retail store specialized in selling beach outfits, related articles, souvenirs, and novelties. Defendant caters mostly to tourists and beachgoers.

8. Defendants HOLLYWOOD STYLE, ALBERT SETTON, and SAMUEL ANIDJAR, employed Plaintiff ISAAC G. HERES as a non-exempt employee approximately from December 2012 to February 6, 2017, or more than 4 years. However, for FLSA purposes the relevant time of employment is 155 weeks.

9. Plaintiff was hired as a full-time store attendant, to perform general store work such as, sales person, cashier. customer service, receiving person, stocking clerk, cleaning person

etc. In addition, Plaintiff had the duty of opening and closing the store. During all his time of employment with Defendants Plaintiff performed always the same duties.

10. Plaintiff worked under the supervision of Defendants ALBERT SETTON, and SAMUEL ANIDJAR.

11. Within the relevant period of employment Plaintiff worked in excess of 40 hours. Plaintiff was paid for all his worked hours, but at his regular rate. Plaintiff was not paid for overtime hours at the rate of time and a half his regular rate.

12. Plaintiff worked the hours, periods, at the rates, specified below:

13. 1.- <u>From February 13, 2014 to approximately December 7, 2016</u>, or 147 weeks Plaintiff had an irregular schedule, Plaintiff worked from Monday to Sunday, weeks of minimum 60, to 80 and more hours. Plaintiff did not take bona-fide lunch-breaks. In this period, Plaintiff was paid $10.00 an hour or between $600.00 and $800.00 weekly. Plaintiff was paid strictly in cash without any kind of paystub providing basic information about hours worked, wage rate, employment taxes withheld, etc.

14. Plaintiff punched in and out by signing a timesheet. To facilitate preliminary calculations, Plaintiff is claiming half-time unpaid wages based on an average of 70 working hours weekly. Calculations will be adjusted after Defendants produce time records.

15. 2.- <u>From approximately December 8, 2016, to February 6, 2017</u>, or 8 weeks. In this period, Plaintiff got a wage rate increase to $12.00 an hour, however, Plaintiff's working hours were reduced, and he worked an average of 41.5 hours per week.

16. To facilitate preliminary calculations Plaintiff is claiming half-time unpaid wages based on an average of 41.5 hours weekly. Calculations will be adjusted after Defendants produce time records.

17. During his entire period of employment, Plaintiff did not meet the requirements for any kind of exemption under the Fair Labor Standards Act., and he was entitled to be paid overtime hours.

18. Therefore, Defendants failed to pay Plaintiff for every hour worked in excess of 40, at the rate of time and a half his regular rate, as established by the Fair Labor Standards Act.

19. Plaintiff was not in agreement with the lack of overtime payment, his wage rate, the reduction of his working hours, thus, on or about February 6, 2017, Plaintiff left his employment to pursue better job opportunities.

20. Plaintiff ISAAC G. HERES seeks to recover any half-time, overtime hours, liquidated damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

22. Plaintiff ISAAC G. HERES re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff ISAAC G. HERES as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and

former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February 1, 2014, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendant HOLLYWOOD STYLE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is a retail business selling beach outfits, novelties and souvenirs, catering mostly to tourist. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a sales person and store attendant who handled credit card transactions, and assisted mostly tourists. Additionally, Plaintiff ordered supplies, worked on, and handled merchandise that was moved in interstate commerce at any point of business. Therefore, there is individual coverage.

26. Defendants HOLLYWOOD STYLE, ALBERT SETTON, and SAMUEL ANIDJAR, employed Plaintiff ISAAC G. HERES as a non-exempt employee approximately from

December 2012 to February 6, 2017, or more than 4 years. However, for FLSA purposes the relevant time of employment is 155 weeks.

27. Plaintiff was hired as a full-time sales associate, and store attendant. he performed in that position, and performed the same duties until his last day of work.

28. During his time of employment Plaintiff worked more than 40 hours in a week period. He was paid for all his hours, but at his regular rate.

29. <u>From February 13, 2014 to approximately December 7, 2016</u>, or 147 weeks Plaintiff had an irregular schedule, Plaintiff worked from Monday to Sunday, weeks of minimum 60, to 80 and more hours. Plaintiff did not take bona-fide lunch-breaks. In this period, Plaintiff was paid $10.00 an hour or between $600.00 and $800.00 weekly. Plaintiff punched in and out by signing a timesheet. To facilitate preliminary calculations, Plaintiff is claiming half-time unpaid wages based on an average of 70 working hours weekly. Calculations will be adjusted after Defendants produce time records.

30. 2.- <u>From approximately December 8, 2016, to February 6, 2017</u> (8) weeks. In this period, Plaintiff got a wage rate increase to $12.00 an hour, however, Plaintiff's working hours were reduced, and he worked an average of 41.5 hours per week.

31. To facilitate preliminary calculations Plaintiff is claiming half-time unpaid wages based on an average of 41.5 hours weekly. Calculations will be adjusted after Defendants produce time records.

32. During his entire period of employment, Plaintiff did not meet the requirements for any kind of exemption under the Fair Labor Standards Act., and he was entitled to be paid overtime hours. Plaintiff was paid for all his hours, but at his regular rate.

33. Therefore, Defendant HOLLYWOOD STYLE did not pay Plaintiff overtime hours, at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.Slll.C. 207(a)(1)).

34. Plaintiff was paid strictly in cash without any kind of paystub providing basic information about hours worked, wage rate, employment taxes withheld, etc.

35. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

36. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

37. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

38. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off the clock overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. Total amount of alleged half-time unpaid O/T wages:

   Twenty-Two Thousand One Hundred Twenty-Two Dollars and 00/100 ($22,122.00)

   b. Calculation of such wages:

   Total weeks of employment: 155

   1.- O/T for the period from February 13, 2014, to December 7, 2017, (147 weeks)

Relevant weeks of employment: 147 weeks
Total number of hours worked: 70 hours weekly average
Total number or paid hours: 70 hours average weekly
Total number of Overtime hours: 30 average (paid at $10.00 an hour)
Regular Rate: $10.00 an hour x 1.5= $15.00 O/T rate
O/T rate: $15.00-$10.00 paid= $5.00 unpaid half-time

Unpaid half-time $5.00 x 30 O/T hours= $150.00 weekly
$150.00 weekly x 147 weeks= $22,050.00

2.- <u>O/T for the period from December 8, 2016, to February 6, 2017, (8 weeks)</u>

Relevant weeks of employment: 8 weeks
Total number of hours worked: 41.5 hours weekly average
Total number or paid hours: 41.5 hours average weekly
Total number of Overtime hours: 1.5 average (paid at $10.00 an hour)
Regular Rate: $12.00 an hour x 1.5= $18.00 O/T rate
O/T rate: $18.00-$12.00 paid= $6.00 unpaid half-time

Unpaid half-time $6.00 x 1.5 O/T hours= $9.00 weekly

$9.00 weekly x 8 weeks= $72.00

Total unpaid half-time O/T 1 and 2: $22,122.00

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents unpaid overtime wages.

39. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

40. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set

forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

41. At the times mentioned, individual Defendants ALBERT SETTON, and SAMUEL ANIDJAR were the owners and managers of HOLLYWOOD STYLE. Defendants ALBERT SETTON, and SAMUEL ANIDJAR were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that these individual Defendant, acted directly in the interests of HOLLYWOOD STYLE in relation to its employees, including Plaintiff and others similarly situated. Defendants ALBERT SETTON, and SAMUEL ANIDJAR had financial and operational control of the corporation, provided Plaintiff and other similarly situated employees with their work schedule, and they are jointly liable for Plaintiff's damages.

42. Defendants HOLLYWOOD STYLE, ALBERT SETTON, and SAMUEL ANIDJAR willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

   A. Enter judgment for Plaintiff ISAAC G. HERES and other similarly-situated individuals

and against the Defendants HOLLYWOOD STYLE, ALBERT SETTON, and SAMUEL ANIDJAR, on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ISAAC G. HERES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ISAAC G. HERES demands trial by jury of all issues triable as of right by jury.

Dated: February 21, 2017.

                                          Respectfully submitted,

                                          By: **/s/ Zandro E. Palma**
                                          ZANDRO E. PALMA, P.A.
                                          Florida Bar No.: 0024031
                                          9100 S. Dadeland Blvd.
                                          Suite 1500
                                          Miami, FL 33156
                                          Telephone: (305) 446-1500
                                          Facsimile: (305) 446-1502
                                          zep@thepalmalawgroup.com
                                          *Attorney for Plaintiff*